(Reap. Dec. 10560)

JAPAN AMERICA TRADING AGENCY, INC. *v.* UNITED STATES

Entry Nos. 36509; 29600.

(Decided July 8, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that on or about the dates of exportation to the United States of the footwear (tabis, etc.) covered by the Nishimoto Trading Co. invoices and entries the subject of the Appeals for Reappraisement enumerated in the Schedule of Cases attached hereto and made a part hereof, the market value or the price at which such or similar merchan-

dise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States was the ex-factory unit values as invoiced plus the f.o.b. charges, but not including the buying commission.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule are limited to Nishimoto Trading Co. invoices and abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that there were no higher foreign values for merchandise such as or similar to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases on the dates of exportation thereof to the United States.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule of Cases may be submitted on the foregoing stipulation, and the record thus made.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such value in each case was the ex-factory unit value, as invoiced, plus the f.o.b. charges, but not including the buying commission.

In all other respects and as to all other merchandise than that covered by the Nishimoto Trading Co. invoices, the appeals are dismissed.